UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD VERHEGGEN,<br><br>           Petitioner,<br><br>     v.<br><br>JAMES E. TILTON, Secretary, et al.,<br><br>           Respondents. | Civil No.    08-0052 BEN (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding with counsel, has paid the $5.00 filing fee and has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Upon review of the petition, the Court finds that Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim

1  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of
2  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the
3  United States." *See* 28 U.S.C. § 2254(a).

4  On the petition form, Petitioner makes only general references to his due process rights,
5  without specifying what *federal* constitutional right the state courts' errors violated. (*See* Pet.
6  at 6-7.) In the Memorandum of Points and Authorities in Support of Petition for Habeas Corpus,
7  he again alleges only generally that the state courts' misapplication of state law resulted in
8  violation of his due process rights. (*See* Pet'rs Mem. of P. & A. in Supp. of Habeas Corpus at
9  10-27.) In the body of the arguments, he cites almost exclusively to California law. (*Id.*
10 Although Petitioner makes a fleeting and conclusory reference to a "denial of due process" and
11 cites two United States Supreme Court cases and the Fourteenth Amendment, this is insufficient
12 to transform what appear to be essentially claims of state law error into federal constitutional
13 claims. (*Id.* at 19, 27.) Thus, Petitioner does claim he is "in custody in violation of the
14 Constitution or laws or treaties of the United States" as required by 28 U.S.C. § 2254.

15 Further, the Court notes that if Petitioner has not presented the federal bases for his claims
16 to the California Supreme Court, he cannot simply file an amended Petition containing federal
17 claims in this case without first exhausting his state judicial remedies. *See* 28 U.S.C. § 2254(b),
18 (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a
19 California state prisoner must present the California Supreme Court with a fair opportunity to
20 rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C.
21 § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court
22 judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal
23 rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995)
24 reasoned: "If state courts are to be given the opportunity to correct alleged violations of
25 prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting
26 claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example,
27 "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him
28 / / /

the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2007).

The Court also notes that the statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to state a cognizable federal claim,. To have this

/ / /

/ / /

1 | case reopened, Petitioner must, **no later than March 31, 2008**, file a First Amended Petition
2 | that cures the pleading deficiencies set forth above.
3 |     **IT IS SO ORDERED.**
5 | DATED: January 25, 2008

                                                Hon. Roger T. Benitez
                                                United States District Judge